13-1579-cv
*Johnston v. Town of Orangetown*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATTHEW JOHNSTON,

    *Plaintiff-Appellant,*

    -v.-                                                    No. 13-1579-cv

TOWN OF ORANGETOWN, RONALD DELO, THOM KLEINER,
JOSEPH RUTKOWSKI, ARTHUR HIGGINS, THOMAS
FITZMAURICE, FRANK PENNINO, EDWARD BOERA,

    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          KEVIN T. MULHEARN, Orangeburg, NY.

**FOR DEFENDANTS-APPELLEES:**         RICHARD S. PAKOLA, *for* John S. Edwards,
                                      Orangetown Town Attorney, Orangeburg,
                                      NY.

Appeal from a judgment, entered March 25, 2013, of the United States District Court for the Southern District of New York (George A. Yanthis, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Matthew Johnston appeals from the judgment of the District Court granting summary judgment in favor of defendants. He brought claims under 42 U.S.C. § 1983 against the Town of Orangetown ("Orangetown") and seven of its employees, alleging that defendants deprived him of his constitutionally protected property interests by demoting him without due process of law, in violation of the Fourteenth Amendment, and that they entered into a conspiracy to do so.[1] Johnston also asserted two claims under New York state law.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). We affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

### A. Due Process Claim

In April 2010, Orangetown demoted Johnston from Automotive Mechanic II to Automotive Mechanic I in response to disciplinary charges relating to his supervision of the Orangetown Sewer Garage. Johnston contends that his demotion violated his due process rights. Although defendants concede that Johnston had a cognizable property interest in his position, they argue that Johnston received sufficient process.

In determining what process was due Johnston, the parties disagree as to whether the deprivation occurred as a result of established governmental procedures or was based on "random and unauthorized acts" by government officers. The Supreme Court has noted the importance of this distinction in determining what process must be accorded. *See Hudson v. Palmer*, 468 U.S. 517,

---

[1] Johnston does not appeal the dismissal of his claim that defendants retaliated against him for the exercise of his constitutionally protected speech in violation of the First Amendment.

2

532 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996).

However, we need not resolve this dispute here. Instead, as in *Locurto v. Safir*, we assume this point in Johnston's favor for purposes of this appeal. 264 F.3d 154, 172–73 (2d Cir. 2001). Even under those circumstances, we conclude that Johnston received adequate process: He was afforded a pre-termination hearing at which he was represented by counsel and he was given the chance to put forth arguments and evidence as to why he should not be terminated. Thereafter, he had the opportunity to avail himself of the review process pursuant to New York C.P.L.R. Article 78. Even considering Johnston's claim that witnesses at the hearing lied, this is sufficient to satisfy the requirements of the Due Process Clause. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see also Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 466 (2d Cir. 2006).

We have held that even where deprivations of property occur as a result of established governmental procedures, "[a]n Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes." *Locurto*, 264 F.3d at 175. Although Johnston apparently declined to pursue his challenge in an Article 78 proceeding, the existence of that proceeding confirms that state law afforded him adequate process to defeat his constitutional claim. *See Rivera–Powell*, 470 F.3d at 467–68; *see also id.* at 468 n.12 ("[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." (internal quotation marks omitted)).

We therefore conclude that the District Court was correct in granting summary judgment in favor of defendants on Johnston's due process claim.

### B. Section 1983 Conspiracy Claim

Johnston's accompanying § 1983 conspiracy claim was properly dismissed, because he did not show any violation of his constitutional rights. A § 1983 conspiracy claim "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *see also id.* (holding that "a plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional rights").

### C. State Law Claims

Because the District Court dismissed all of Johnston's federal claims, it declined to exercise supplemental jurisdiction over his state law claims and dismissed them without prejudice. We conclude that the District Court did not abuse its discretion in so doing, and so we affirm its order dismissing those state claims without prejudice. *See Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994).

3

## CONCLUSION

We have reviewed the record and considered all of Johnston's arguments on appeal, and find them to be without merit.

For the reasons set out above, we **AFFIRM** the March 25, 2013, judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court